UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00656-R-MRW | Date | 09-25-2019 |
|---|---|---|---|
| Title | *Martin Vogel v. Kafco Partnership, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Christine Chung | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order re: Plaintiff's Motion for Summary Judgment (DE 30)

## I.  INTRODUCTION

On January 29, 2019, Plaintiff Martin Vogel ("Plaintiff") filed the instant action against Defendant Kafco Partnership ("Defendant") alleging violations of the Americans with Disabilities Act of 1990 ("ADA") and California's Unruh Civil Rights Act (the "Unruh Act"). Plaintiff seeks injunctive relief and statutory damages.

Presently before the Court is Plaintiff's Motion for Summary Judgment. For the following reasons, the Court **GRANTS IN PART** the Motion.

## II.  FACTUAL BACKGROUND

Plaintiff is a paraplegic who uses a wheelchair for mobility, has a disabled person parking placard, and drives a specially equipped van. Plaintiff alleges that Defendant has failed to provide an accessible parking space and path of travel at its property located at or about 1900 Hillhurst Ave., Los Angeles, California in violation of the ADA. Plaintiff personally visited the Subway restaurant located at the subject property on April 4, 2018, April 9, 2018, and October 15, 2018. Defendant admits that it is currently the owner of the subject property and that it owned the subject property in April and October of 2018.

Plaintiff specifically alleges that there was one parking space marked and reserved for use by persons with disabilities at the subject property. However, the parking stall and access aisle allegedly were not level with each other and were noticeably sloped. Plaintiff further alleges that the accessible parking space lacked a "NO PARKING" warning in the access aisle.

On January 22, 2019, Plaintiff's investigator, Evens Louis, conducted an investigation of the property and found that the parking stall and access aisle of the designated accessible parking space were not level with each other. The access aisle had slopes of up to 3.6%, and the parking stall had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00656-R-MRW | Date | 09-25-2019 |
|---|---|---|---|
| Title | *Martin Vogel v. Kafco Partnership, et al.* | | |

slopes of up to 2.3%. He also found that there was no "NO PARKING" lettering in the access aisle. Mr. Louis also measured slopes of up to 4.2% within the path of travel along the walkway leading to the entrance of the restaurant.

As a result, Plaintiff alleges that he was unable to park in the designated accessible space at Defendant's property, and he has since then been deterred from visiting the property because of his knowledge of these barriers.

Pursuant to Local Rule 7-9, Defendant was required to file an Opposition to Plaintiff's Motion for Summary Judgment no later than August 26, 2019. To date, Defendant has not filed an Opposition or requested an extension of time to do so.

**III.     JUDICIAL STANDARD**

Under Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court may grant summary judgment on all or part of the claim, as appropriate. *See id.* Facts are "material" only if dispute about them may affect the outcome of the case under applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.*

To prevail on a summary judgment motion, the movant must show that there are no genuine issues of material fact as to matters on which it has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Such a showing "must establish beyond controversy every essential element" of the movant's claim or affirmative defense. *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (internal quotation marks omitted).

To defeat a summary judgment motion after the movant has made an adequate showing, the nonmovant must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 323-24. The nonmovant may not merely rely on its pleadings or on conclusory statements. *Id*. at 324.

In ruling on a summary judgment motion, the court should accept the nonmovant's evidence as true and draw all justifiable inferences in the nonmovant's favor. *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014). The court may not determine credibility of witnesses or weigh the evidence. *Anderson*, 477 U.S. at 255. To grant summary judgment, the court should find the evidence "so one-sided that [the movant] must prevail as a matter of law." *Anderson*, 477 U.S. at 252.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00656-R-MRW | Date | 09-25-2019 |
|---|---|---|---|
| Title | *Martin Vogel v. Kafco Partnership, et al.* | | |

## IV. DISCUSSION

Plaintiff moves for summary judgment on his claims under the ADA and Unruh Act.

### A.  Plaintiff's ADA Claim

Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

Thus, to prevail on a discrimination claim under Title III, Plaintiff must establish the following elements: (1) he is considered disabled under the ADA; (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) he was denied public accommodations by Defendant because of his disability. *See Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). Here, the parties do not dispute that Plaintiff is disabled under the ADA or that Defendant operates a place of public accommodation. The inquiry that remains is whether Plaintiff was denied public accommodations by Defendant because of his disability.

The third element is satisfied if Defendant failed to remove architectural barriers where such removal was readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv); *see Lozano v. C.A. Martinez Family Ltd. Partnership*, 2015 WL 5227869, at *4 (S.D. Cal. Sept. 8, 2015). Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Furthermore, the ADA Accessibility Guidelines provide "the objective contours of the standard that architectural features must not impede disabled individuals' full and equal enjoyment of accommodations." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). Therefore, "if a barrier violating these standards relates to [Plaintiff's] disability, it will impair [Plaintiff's] full and equal access, which constitutes 'discrimination' under the ADA." *Id.* at 947.

Plaintiff alleges that (1) Defendant's restaurant lacks an ADA-compliant accessible parking space, and (2) the restaurant lacks an accessible path of travel.

First, under the 1991 ADA Standards, any business that provides parking spaces must provide spaces marked as reserved for persons with disabilities. 1991 ADA Standards § 4.1.2(5). Furthermore, accessible parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions. 1991 ADA Standards § 4.6.2. Under the 2010 Standards, "[a]ccess aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted." 2010 ADA Standards § 502.4. The one exception to this rule is that slopes of less than 1:48 (2.08%) are permitted. 2010 ADA Standards § 502.4. Here, Plaintiff has provided evidence that the parking stall had slopes of up to 2.3% and the access aisle had slopes of up to 3.6%, which violate both the 1991 and 2010 ADA Standards. Defendant has provided no evidence to the contrary. Accordingly, Plaintiff has identified a barrier under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00656-R-MRW | Date | 09-25-2019 |
|---|---|---|---|
| Title | *Martin Vogel v. Kafco Partnership, et al.* | | |

the ADA with respect to the slope of the accessible parking space and access aisle.

Further, access aisles must be properly marked and designated "so as to discourage parking in them." 2010 ADA Standards § 502.3.3. While the specific method and color of marking is not address by the ADA Standards, they "may be addressed by State or local laws or regulations." *Id.* Thus, Plaintiff argues that under the California Building Code, "[t]he words 'NO PARKING' shall be painted on the ground within each access aisle in white letters a minimum of 12 inches (305 mm) in height and located to be visible from the adjacent vehicular way." Cal. Bldg. Code § 11B-502.3.3. However, § 502.3.3 of the ADA Standards states only that the method and color of marking "*may* be addressed by State or local laws or regulations," not that such laws or regulations are sufficient by themselves to establish a violation of the ADA. Moreover, the evidence shows that the access aisle was marked with blue lines to discourage parking in the aisle and that the aisle was in fact clear when Plaintiff's investigator visited the site and took photos. Plaintiff does not allege that the access aisle was ever blocked on any of his three visits. Thus, Defendant's non-compliance with the California Building Code does not establish a violation of the ADA. *See Johnson v. Kohanbash Century Plaza, Ltd. Liab. Co.*, 2019 U.S. Dist. LEXIS 131881, at *12-13 (E.D. Cal. Aug. 6, 2019) (denying summary judgment for plaintiff on ADA claim for violation of California Building Code section § 11B-502.3.3).

Next, under the ADA, there must be an accessible path of travel that connects all buildings, elements and spaces on the same site. 1991 ADA Standards § 4.3.2. To be considered an accessible route, the cross slope of the route shall not exceed 1:48 (2.08%). 2010 ADA Standards § 403.3. Here, Plaintiff's investigator measured slopes of up to 4.2% on the accessible path of travel, in violation of § 403.3. Accordingly, Plaintiff has identified a barrier under the ADA with respect to the slope of the accessible path of travel.

Finally, Plaintiff contends that removal of all of the above barriers is readily achievable and points to 28 C.F.R. § 36.304(b) to show that the installation of ramps and creation of designated accessible parking spaces are considered achievable steps to remove barriers. Defendant has not provided any evidence suggesting that removal of the barriers would not be readily achievable. Accordingly, Plaintiff has established that he is entitled to injunctive relief under the ADA ordering Defendant to correct (1) the slope of the accessible parking space and accompanying access aisle and (2) the slope of the accessible path of travel.

    **B.**    <u>**Plaintiff's Unruh Act Claim**</u>

Plaintiff seeks a single statutory penalty of $4,000 under California's Unruh Act. To recover statutory damages under the Unruh Act, Plaintiff must show that he was denied "full and equal access" to the subject property. Cal. Civ. Code § 55.56(a); *see Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1014 (C.D. Cal. 2014). "A plaintiff is denied full and equal access only if the plaintiff personally encountered the violation on a particular occasion, or the plaintiff was deterred from accessing a place of public accommodation." Cal. Civ. Code § 55.56(b). The Plaintiff is entitled to recover a statutory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00656-R-MRW | Date | 09-25-2019 |
|---|---|---|---|
| Title | *Martin Vogel v. Kafco Partnership, et al.* | | |

penalty of $4,000 for each offense which has been defined as "each particular occasion that the plaintiff was denied full and equal access . . . ." Cal. Civ. Code § 52(a); § 55.56(f).

"A violation of the right of any individual" under the ADA constitutes a violation of the Unruh Act. Cal Civ. Code § 51(f). As discussed in detail above, Plaintiff personally encountered multiple barriers under the ADA on his visits to the subject property. Accordingly, Plaintiff has established that he is entitled to a statutory penalty under the Unruh Act.

**V.      CONCLUSION**

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion for Summary Judgment except as to the alleged California Building Code violation. The Court **GRANTS** Plaintiff's request for an injunction pursuant to the ADA ordering Defendant to alter the subject property to correct (1) the slope of the accessible parking space and access aisle and (2) the slope of the accessible path of travel; however, the Court **DENIES** Plaintiff's request for an injunction ordering compliance with the California Building Code. Additionally, the Court **GRANTS** Plaintiff's request for a $4,000 statutory penalty pursuant to the Unruh Act.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | cch |